[Civ. No. 6661.   Third Dist.   Apr. 22, 1942.]

C. D. PLUM, Appellant, v. STATE BOARD OF CONTROL
OF THE STATE OF CALIFORNIA et al., Respondents.

C. D. Plum in pro. per. for Appellant.

Earl Warren, Attorney General, and J. Q. Brown and
Thomas J. MacBride, Deputies Attorney General, for Respondents.

TUTTLE, J.—This is an appeal from a judgment of dismissal entered after a demurrer to a petition for a writ of

mandate had been sustained, without leave to amend. Petitioner seeks to compel respondent board of control to "approve and recommend to this legislature that your petitioner's claim for $5,000 against the State of California be paid in accordance with the provisions of the aforesaid Act." (Stats. 1913, p. 245, and amendments thereto, made by Stats. 1931, p. 1615; Deering's Gen. Laws 1937, Act 1681.)

The action is based upon the statute mentioned above, sections 1 and 5 of which read as follows:

"Sec. 1. (Claim of persons erroneously convicted.) **Any** person who, having been convicted of any crime against the state of California amounting to a felony, and having been imprisoned therefor in a state prison of this state shall hereafter be granted a pardon by the governor of this state for the reason that the crime with which he was charged was either not committed at all or, if committed, was not committed by him, or who, being *innocent of the crime with which he was charged for either of the foregoing reasons, shall have served the term or any part thereof for which he was imprisoned,* may, under the conditions hereinafter provided, present a claim against the state to the state board of control for the *pecuniary injury sustained by him through such erroneous conviction and imprisonment.* (Italics added.)

"Sec. 5. (Board to report approved claim to legislature.) *If the evidence shows that the crime with which the claimant was charged was either not committed at all, or, if committed, was not committed by the claimant, and that the claimant did not, by any act or omission either intentionally or negligently, contribute to the bringing about of his arrest or conviction, and that the claimant has sustained pecuniary injury through his erroneous conviction and imprisonment, the board of control shall report the facts of the case and its conclusions to the next legislature of this state, with a recommendation that an appropriation be made by the legislature for the purpose of indemnifying the claimant for such pecuniary injury; but the amount of the appropriation so recommended shall not exceed in any case, the sum of five thousand dollars."* (Italics added.)

Plaintiff alleges in his petition the following facts as the gist of his cause of action:

"That under and by virtue of the said act of the legislature as aforesaid, and within the time prescribed by said law, your petitioner filed a claim against the state of California for

five thousand dollars ($5,000) for pecuniary injury suffered by your petitioner by reason of his erroneous conviction and imprisonment in a state prison of this state.

"That at said hearing your petitioner presented to the state board of control conclusive and competent evidence showing that he had been convicted of a crime never committed; part of *such evidence being a certified final Superior Court Judgment* of Sacramento County, California, holding that the lumber your petitioner was convicted and imprisoned for stealing was, at the time of said conviction, always had been, and still was, the property of your petitioner, and further ordered that the said alleged stolen lumber or its value thereof be returned to your petitioner.

"That at said hearing your petitioner also presented conclusive, competent, and sufficient evidence showing that he had suffered pecuniary injury far in excess of five thousand dollars by reason of his erroneous conviction and imprisonment.

"That at said hearing the attorney general, represented and present in the person of the assistant attorney general of the state of California, presented no evidence whatsoever at said hearing in opposition to your petitioner's claim, or any part thereof, on behalf of the State, and by said act of acquiescence conceded that your petitioner's claim against the state of California was just and should be paid."

It is further alleged that the board of control disallowed said claim, after a hearing upon the merits thereof. Petitioner then alleges that a bill was introduced in the legislature appropriating to him the sum of $2,000, but that said amount was "tentative," and that the legislature, "in passing your petitioner's claim bill for two thousand dollars ($2,000) inadvertently neglected to amend said bill to the amount specified in the aforesaid law."

It is the contention of petitioner that the board of control had no discretion in disposing of the claim, and that mandamus will therefore lie to compel it to approve the same. The state's contention is that the action of the board was final and binding upon the courts, it being an administrative agency committed by the statute to decide the facts in question, the chief one being whether or not petitioner was erroneously convicted. We do not deem it necessary to pass upon that question, as we are satisfied that the trial judge correctly

disposed of the controversy in the following language found in his opinion:

"It will be observed that the appropriation was to pay *the claim,* not part of the claim. When plaintiff collected this sum, his claim was satisfied and extinguished. Plaintiff contends that the sum of $2,000 was placed in the bill tentatively, the intention being to insert a larger sum thereafter, but that through inadvertence the bill was passed without making this correction. That may be, and that contention might be made in a new application to the legislature. It seems to have been successfully made to a later session which attempted to appropriate an additional $3,000 to plaintiff. But no court can entertain such a contention. When the legislature enacts a law, the courts must take it as it is passed. They cannot go behind it, inquire the motives which prompted it, or interpret it as those who voted it believed it to be. When a bill has been passed by the legislature and signed by the Governor, it becomes a law, and 'no evidence, nor the judgment of any court can be allowed to modify or change its terms or effect, or prevent or impair its complete operative force.' " (*Lukens* v. *Nye,* 156 Cal. 498 [105 Pac. 593, 20 Ann. Cas. 158, 36 L. R. A. (N. S.) 244].)

The rule governing the situation is thus expressed in 1 Am. Jur., pages 234, 235, section 36:

"It has been held frequently that if a person having a disputed claim against a state, county, or municipality accepts part payment thereof with knowledge that the claim has not been allowed in full, the payment amounts to a satisfaction of the claim. Accordingly, where it appeared that a person injured by a defect in a sidewalk presented a claim to the common council, which awarded him a certain sum, the court held that when the amount allowed was accepted, it would be presumed that the payment was in full satisfaction of the entire claim."

The allegations of the petitioner bring it directly within the scope of the foregoing rule. As pointed out by the trial judge, the allegations that the amount of $2,000 was merely tentative, and that the legislature's act was an inadvertence, cannot operate to place the case without the rule and permit the courts to go behind the legislative act. As clearly pointed out in the Lukens case (*supra*), a collateral attack of this char-

acter, made upon a statute duly and legally passed, will not be permitted.

The judgment is affirmed.

Thompson, Acting P. J., concurred.

A petition for a rehearing was denied May 21, 1942.