[S. F. No. 17711.   In Bank.   Aug. 6, 1948.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. THOMAS H. KUCHEL, as State Controller, etc., Respondent.

John J. O'Toole, City Attorney, and C. Wesley Davis, Deputy City Attorney, for Petitioner.

Fred N. Howser, Attorney General, and Robert E. Reed, Deputy Attorney General, for Respondent.

EDMONDS, J.—For many years, the Alcoholic Beverage Control Act (Stats. 1935, p. 1123; 2 Deering's Gen. Laws, Act 3796) required that one-half of the amount collected by the state as fees for liquor licenses be paid to the cities and counties. In 1947, the Legislature amended the statute (Stats. 1947, ch. 712, p. 1766) to provide that the cities and the counties shall receive all of the amounts so collected. The

present controversy concerns the right of the state to one-half of the fees collected in 1947 to September 19th, the effective date of the new enactment.

The amendment was made by striking from the act the italicized words of section 37, which now reads as follows: "§ 37. All moneys collected as license fees and under the excise tax provisions of this act shall be deposited in the State Treasury to the credit of the Alcohol Beverage Control Fund, which fund is hereby created. Moneys in said fund are hereby appropriated as follows:

(a) *Fifty per cent of* all moneys collected from fees, to be paid semiannually to the counties, cities and counties, and cities of this State in the proportion that the amount of the fees collected in the particular county, city and county, or city bears to the total amount so collected throughout the State, and the State Controller shall during the months of April and October of the year, draw his warrants upon said fund in favor of the treasurer of each county, city and county, and city for the amount to which each is entitled hereunder;

(b) Such amount as is necessary for the allowance of the refunds provided for in this act;

(c) *From the remainder of said moneys such amounts as may be made available pursuant to Section 661 of the Political Code for expenditure by the board in carrying out the provisions of this act;*

(d) Any remaining balance to be transferred to the General Fund on the order of the Controller."

As the basis for the present proceeding, the city and county of San Francisco takes the position that the amendment to the act is an appropriation measure which provides for a payment to the cities and the counties in October, 1947, without regard to the time of the collection of the fees. The Legislature was aware that the change would be effective before October, says the petitioner, and there is nothing to indicate an intention to give the law retroactive effect. The controller asserts that the money paid into the Alcohol Beverage Control Fund is continually appropriated for the purposes provided by section 37 of the act, which provides for transfers to the general fund of all balances in the fund "on the order of the Controller." The specification of the dates for the making of payments, he contends, does not freeze the money, other than the 50 per cent to be paid to the cities and the counties, in the fund. The transfers of money from the Alco-

hol Beverage Control Fund into the general fund made prior to September 19, 1947, were authorized by law and, therefore, only the receipts from license fees paid into the fund after September 19, 1947, are subject to the amendment.

Section 37 of the act is an appropriation measure. No particular form is required for such legislation (*Riley* v. *Johnson*, 219 Cal. 513, 519 [27 P.2d 760, 92 A.L.R. 1292]) but the intent to appropriate funds must be clear. However, the petitioner confuses "appropriated" and "paid" and concludes that the appropriation by the state is made during April and October of each year at the time of the settlement with the cities and the counties. From this premise, apparently, the petitioner also concludes that all moneys collected during the period between settlements must remain in the Alcohol Beverage Control Fund until a semiannual payment is made because there is no appropriation and, without an appropriation, there cannot be a balance transferable "on the order of the Controller" to the general fund.

The position of the controller is the more reasonable construction of the section, and it is supported by the legislative history of the enactment. Originally, the payment to the cities and the counties was required to be made annually, in March of each year. At that time, 1935, there was no money in the general fund of the state and all warrants issued against that fund were registered. When the state received sufficient revenue to redeem these warrants, they were paid with interest. By providing for a transfer to the general fund "on the order of the Controller" of amounts not appropriated to the cities and the counties, the Legislature, by this and other revenue raising legislation, made money available for the needs of the state as quickly as possible and kept the amount of outstanding registered warrants to a minimum. This policy also reduced the interest charge to the state. To allow money paid into the Alcohol Beverage Control Fund to lie dormant until March of each year would have been contrary to the best interests of the state and its creditors.

Earlier legislation expressly established the system of handling the state's revenues which, the petitioner argues, should be followed in making payments from the Alcohol Beverage Control Fund. For example, the Real Estate Act (Stats. 1919, p. 1252, as amended; 1 Deering's Gen. Laws (1923), Act 112, now included in Bus. & Prof. Code, §§ 10451-10455) provided: "All moneys which shall be paid into the state treasury and credited to the 'real estate commissioner's fund'

are hereby appropriated to be used by the commissioner in carrying out the provisions of this act . . . All moneys remaining in the state treasury to the credit of the 'real estate commissioner's fund' at noon on the thirty-first day of December of each year shall on or before the fifteenth day of the succeeding January be transferred from said 'real estate commissioner's fund' to the general fund of the state.'' (§ 5.) When, therefore, the Legislature provided that the transfer may occur ''on the order of the Controller'' rather than at a specified time, it clearly authorized such transfers to be made at the discretion of the controller and either before or after the time when payments are due to the cities and counties.

It follows, therefore, that the 1947 appropriation of all moneys collected from license fees applies only to the amount of fees paid into the Alcohol Beverage Control Fund on and after September 19, 1947, the effective date of the amendment. Accordingly, only 50 per cent of the amounts received prior to that time from licensees within the city and county of San Francisco are payable to the petitioner.

The petition for a peremptory writ of mandate is denied and the alternative writ is discharged.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.