CONSTITUTIONAL CONVENTION — PROCEDURE Under Article XXIV, Section 2 of the Oklahoma Constitution the law providing for a constitutional convention must be submitted to the people for their approval. The said law providing for the convention must be passed by the Legislature and approved by the Governor and must contain the make-up and procedure of the convention. This is in response to your recent letter of February 2, 1970, wherein you, in effect, ask the following question: Does Article XXIV, Section 2 of the Oklahoma Constitution require that the legislature submit to the people for their approval the law providing for the procedural makeup of a constitutional convention, i.e., the qualifications of delegates, the place of the convention, etc.? Article XXIV, Section 2 of the Oklahoma Constitution provides: "No convention shall be called by the Legislature to propose alterations, revisions, or amendments to this Constitution, or to propose a new Constitution, unless the law providing for such convention shall first be approved by the people on a referendum vote at a regular or special election, and any amendments, alterations, revisions, or new Constitution, proposed by such convention, shall be submitted to the electors of the State at a general or special election and approved by a majority of the electors voting thereon, before the same shall become effective: Provided, That the question of such proposed convention shall be submitted to the people at least once in every twenty years." (Emphasis added) This Section pertaining to the procedure for calling a constitutional convention was patterned after the Oregon Constitution, Article XVII, Section 1 and Article XVII, Section 2 as amended. See R. L. Williams, The Constitution and Enabling Act of Oklahoma Annotated With References to the Constitution, Statutes and Decisions of Other States and The United States. As of this date there has been no call for a convention in Oregon. In the case of Kiowa County Excise Board v. St. Louis-San Francisco Ry. Company, Okl. 301 P.2d 677 (1956), the court said: "The object of construction when applied to the Constitution, is to give effect to the intent of its framers and of the people adopting it . . . ." In effect, the Oklahoma Constitution provides that no convention shall be called by the Legislature to propose alterations, revisions, or amendments to the Constitution, or to propose a new Constitution unless certain conditions are met. These conditions are that the law providing for the convention must be approved by the people on a referendum vote at a regular or special election. Therefore, for the Legislature to call a constitutional convention a law must be passed to provide for the convention. The word law has been defined as "An act of the Legislature approved by the Governor . . . ." State ex rel. Martin v. Zimmerman, 233 Wis. 16,288 N.W. 454; Plum v. State Board of Control, 51 Cal.App.2d 382,124 P.2d 891. After an act calling for a constitutional convention has been passed by the Legislature and signed by the Governor it then becomes the law which the people must approve in order to have a constitutional convention. In Oklahoma a law has been passed to provide for a constitutional convention on only two occasions. In 1925 the Legislature passed S. B. 282 which was signed by the Governor and then submitted to the people for, their approval. See O.S.L. 1925, ch. 71. Again, in 1949, the Legislature passed a joint resolution which was signed by the Governor calling for a constitutional convention. See O.S.L. 1949, S.J.R. 11. On both of these occasions the people rejected the law providing for the convention. There was some question in regard to the 1949 joint resolution as to whether or not it met the requirements of being a law which the Constitution required. An Attorney General's Opinion dated February 15, 1949, addressed to the Honorable Bill Logan, Oklahoma State Senate, held that the Senate Joint Resolution was not invalid by the reason of it being in the form of a joint resolution, rather than in the form of a bill since our Supreme Court in the case of Board of Commissioners of Marshall County v. Shaw, 199 Okl. 66,182 P.2d 507, had just held that: ". . . a joint resolution of the Legislature duly passed in conformity with sections 34 and 35, Art. 5, of the Constitution, and approved by the Governor, is a law. " (Emphasis added) The more difficult question to be answered is what must be included in the law which provides for a constitutional convention. In the case of Dickerson v. State, Tex. Civ. App., 169 S.W.2d 1005, the court stated: "The expressions 'taken care of' and 'provided for' . . . are complementary, the first expression importing actual doing of requisite things and other importing supplying means or facilities for their doing." (Emphasis added) In Knapmiller v. American Insurance Co., 112 N.W.2d 586, 15 Wis.2d 219, the court said: "Provide means to take precautionary measures, to make provisions, to supply what is needed . . . ." (Emphasis added) From these definitions it must be concluded that the law providing for a convention must supply what is needed to have a convention and to make provisions for the holding of a convention. On the two previous occasions where laws were passed providing for a convention provisions were made for fixing the time and place of the convention, defining the number of delegates and providing the manner of their election and the amount of their compensation, defining the duties of the delegates and setting out the purpose of the convention. In the case of Thomas v. Reid, 142 Okl. 38, 285 P. 92 (1930), the court stated: "The Constitution clearly discloses the purpose of the people to reserve to themselves the right to determine any question that, they can determine under the provisions of the Constitution by a majority vote . . . ." The Oklahoma Court has also said: "If the people are to be self-governed it is essential that they shall have a right to vote upon questions of public interest and register the public will." Ruth v. Peshek, 153 Okl. 147, 5 P.2d 108 (1931). The majority of other state constitutions which contain specific provisions for calling a constitutional convention set out requirements as to the number of delegates, their qualifications, when and where the convention shall meet, and other pertinent information regarding convention organization. They leave to the ! Legislature only certain ministerial acts. In the case of Chenault v. Carter, Ky.,332 S.W.2d 623 (1960), the court said: "The choice of whether a constitutional convention shall be called rests entirely with the electorate. The discretion of the legislature is at an end when the matter is finally proposed. The formal call issued by the General Assembly following a favorable vote by the people is but a ministerial duty enjoined upon it by the Constitution in the execution of a public mandate. Inhering in that mandate are the terms and conditions of the initial proposal. The delegates to the convention are the agents not of the legislature, but of the people themselves. As a principal may limit the authority of his agent, so may the sovereign people of this state limit the authority of their delegates." In the case of Board of Supervisors of Elections v. Attorney General, 246 Md. 417,229 A.2d 388 (1967), the court stated: "The people of Maryland from 1776 until today have shown that they concur in the generally prevailing view, which we believe to be sound, that the people retain the sovereign power to rewrite their constitution, that the legislative processes which lead to and assist in the exercise of that power are not a part of the previously bindingly delegated powers conferred on the Legislature by the people, that those who are selected to sit in convention and do the rewriting of the Constitution are selected directly by the people and therefore are the direct agents of the people, rather than agents of the organized government, which is the State." From the foregoing it appears eminently clear that the law providing for the convention must contain such basic provisions as the purpose of the convention, the time and place of the convention, the number of delegates and providing the manner of their election and the amount of their compensation. If the law providing for the convention is approved, the convention is convened and any amendments, alterations, revisions, or new Constitution, proposed by such convention are then submitted to the people for their approval. The only other requirement of Article XXIV, Section 2 of the Oklahoma Constitution is that a law providing for a convention be submitted, to the people for their approval or rejection at least once every twenty years. The Attorney General notes that the legislature has passed a joint resolution which is to be submitted to the people for their vote on March 17, 1970. The resolution calls for the people to approve or reject the question of calling a constitutional convention. The resolution was not approved by the Governor therefore it cannot be called a law. Ward v. State, 176 Okl. 368,56 P.2d 136 (1936). Whatever the outcome of said election, before the convention can be called Article XXIV, Section2 of the Oklahoma Constitution as interpreted above, must be followed. Therefore, it is the opinion of the Attorney General that your question should be answered in the affirmative. Under Article XXIV, Section 2 of the Oklahoma Constitution the law providing for a constitutional convention must be submitted to the people for their approval. The said law providing for the convention must be passed by the Legislature and approved by the Governor and must contain the make-up and procedure of the convention. (Tim Leonard)