[Civ. No. 14635. Third Dist. Nov. 1, 1974.]

COUNTY OF ORANGE, Plaintiff and Appellant, v.
HOUSTON I. FLOURNOY, as State Controller,
Defendant and Respondent.

## COUNSEL

Adrian Kuyper, County Counsel, and John W. Anderson, Deputy County Counsel, for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Iver E. Skjeie, Assistant Attorney General, and Richard D. Martland, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**RICHARDSON, P. J.**—County of Orange ("County") appeals from a judgment of the Superior Court of Sacramento County denying County's petition for a peremptory writ of mandate against Houston I. Flournoy as State Controller ("Controller"). County contends that it is entitled to $291,876 from the general fund of the State of California pursuant to Revenue and Taxation Code section 2164.3. County asserts, first, that section 2164.3 provides for reimbursement for costs of state-mandated programs required by legislation passed and signed prior to January 1, 1973, but which took effect March 7, 1973; second, that section 2164.3, subdivision (a) constitutes in itself an appropriation for such programs.

In 1972 the Legislature adopted Senate Bill 90, entitled "Property Tax Relief Act of 1972." Under this bill, which became chapter 1406 of the 1972 Statutes, chapter 1.5 was added to part 4, division I of the Revenue and Taxation Code. Included in chapter 1.5 was section 2164.3, which read: "(a) The state shall pay to each county, city and county, city and special district an amount to reimburse the county, city and county, city and special district for the full costs, which are mandated by acts enacted after January 1, 1973, of any new state-mandated program and any increased level of service of an existing mandated program.

"(b) Any new state program or increased level of service of an existing mandated program, which is mandated by legislative action after January 1, 1973, shall include provisions within the bill which provide an amount sufficient to cover the total cost of the mandated program for all affected counties, cities and counties, cities, and special districts, as estimated by

the Department of Finance. This amount shall be appropriated to the Controller for disbursement.

"The Controller shall allocate the funds among counties, cities, cities and counties, and special districts for each mandated program based upon claims submitted within 45 days after the operative date of the mandate by the appropriate local government jurisdictions. Such claims shall be based on the appropriate local governmental jurisdiction's estimate of its cost for the mandated program for the fiscal year. The Controller may review claims and may reduce those which appear to be excessive or unreasonable.

"The allocations to the appropriate local jurisdictions shall be made by the Controller in accordance with the provisions of each bill which mandates additional cost."

As a result of amendments to the Property Tax Relief Act made by chapter 358, Statutes of 1973-1974 (effective August 31, 1973) Revenue and Taxation Code section 2164.3 was repealed but was substantially reenacted as Revenue and Taxation Code section 2231. Only minor changes were made, none of which are of significance to the issues raised by this appeal, and we will hereinafter refer to the section as 2231, its present designation.

All of the statutes upon which County bases its claim were passed and signed by the Governor between April and December 1972 but did not become effective until March 7, 1973, pursuant to the California Constitution former article IV, section 8, subdivision (c), then in effect. County's claim was rejected by the Controller on the ground that the legislation requiring the program upon which the claim was based was enacted prior to January 1, 1973, and therefore, was not covered by section 2231. The Controller denied the claim upon the additional ground that there had been no appropriation for reimbursement with regard to these programs. After issuance of an alternative writ and a hearing thereon, the trial court denied the petition and discharged the alternative writ for the reason that section 2231, subdivisions (a) and (b), and their predecessor, section 2164.3, subdivisions (a) and (b), have prospective application only and affect only those statutes enacted after January 1, 1973, the court further observing that the 27 statutes on which County's claim relies were enacted prior to January 1, 1973, and that no appropriation therefor has been made.

DATE OF ENACTMENT

County argues that the words "enacted after January 1, 1973," in section 2231, subdivision (a), should be read to mean "effective after January 1, 1973." This assertion is based on the fact that section 2231, subdivision (a), uses the words "enacted after January 1, 1973," whereas section 2231, subdivision (b), uses the phrase "legislative action after January 1, 1973." Failure to include the language "legislative action after January 1, 1973" in subdivision (a), it is claimed, creates an ambiguity requiring this court to ascertain the legislative intent.

■ Two accepted rules of statutory construction are pertinent to our consideration. As we have recently observed, if the words of a statute, when given their ordinary and popular meaning, are reasonably free of uncertainty, courts will look no further to ascertain the statute's meaning. (*Rosenthal* v. *Hansen* (1973) 34 Cal.App.3d 754, 760 [110 Cal.Rptr. 257].) Further, in construing a statute a word should not be given a forced and strained meaning contrary to its common understanding. (*Rosemary Properties, Inc.* v. *McColgan* (1947) 29 Cal.2d 677, 685 [177 P.2d 757].) "It is not the function of the court to place a judicial gloss upon a statute under the facade of 'construction' when the statute itself is clear on its face and is susceptible to only one meaning." (*County of Madera* v. *Carleson* (1973) 32 Cal.App.3d 764, 769 [108 Cal.Rptr. 515].)

■ We apply the foregoing principles to the statute before us. Despite County's argument to the contrary, we observe no apparent ambiguity in section 2231, subdivision (a). Nothing in the statute leads us to the conclusion that "enacted" should be read to mean "effective," and County cites no persuasive authority to support its position. As noted by the Controller, Webster's Third New International Dictionary (1965) defines " 'enact' as 'to establish by legal and authoritative act: make into law; *esp*: to perform the last act of legislation upon (a bill) that gives the validity of law . . . .' " A bill becomes a law when passed by the Legislature and signed by the Governor. (See Cal. Const., art. IV, § 10, subd. (a); *Plum* v. *State Board of Control* (1942) 51 Cal.App.2d 382, 385 [124 P.2d 891].) At that point it is "enacted."

Government Code section 9605, dealing with the effective date of amended statutes, is cited by County as an instance wherein the word "enacted" must mean "effective date." However, in Government Code section 9605 the context in which the word is used necessarily requires that this meaning be attributed to it. Section 2231 is not analogous, and the phraseology employed therein is not susceptible to the construction that County urges. There is nothing in the word "enacted," either intrin-

sically or as used in section 2231, subdivision (a), that suggests the meaning petitioner assigns to it.

There being no ambiguity present in section 2231, we do not indulge in construction or interpretation. (*Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 602 [68 Cal.Rptr. 297, 440 P.2d 497]; *Rosenthal* v. *Hansen, supra,* 34 Cal.App.3d 754, 760.)

### THE APPROPRIATION

■ The second ground on which the trial court based its denial of County's request for relief was, assuming that section 2231, subdivision (a), was intended to provide for programs approved prior to January 1, 1973, there had been no appropriations as required by subdivision (b). Subdivision (b) requires that when the Legislature mandates a program imposing new costs on local government, it shall include in the bill an appropriation sufficient to cover such costs. This appropriation is to be based on an estimate made by the Department of Finance, and the funds appropriated are then to be allocated among the local agencies by the Controller.

County's theory in this connection is that section 2231, subdivision (a), is in itself a "continuing appropriation" and no further legislative action is needed. *Riley* v. *Johnson* (1933) 219 Cal. 513 [27 P.2d 760, 92 A.L.R. 1292], is relied upon as support for the proposition that no special form is needed to make an appropriation, and that no specific amount need be designated in the appropriation bill. *Riley*, however, involved a unique situation not in any way analogous to that herein presented. In *Riley* the Legislature appropriated a specified sum for the purpose of paying state warrants. This sum was exhausted. The high court held that the language of the particular statute before it indicated an intent on the part of the Legislature that in the event of such an occurrence the excess sums required for payment of the warrants should be taken out of the general fund. (*Id.* at pp. 519-520.) There is no similar language in section 2231, subdivision (a).

*Ingram* v. *Colgan* (1895) 106 Cal. 113 [38 P. 315, 39 P. 437], is also cited by County. While it is true that the court in *Ingram* states that no particular form is necessary for an appropriation (*id.* at p. 118), in the same paragraph, the *Ingram* court adds "while no set form of language is requisite, upon the other hand there are some things which plainly enough are not severally an appropriation. A promise by the government to pay money is not an appropriation. A duty on the part of the legislature to make an appropriation is not such. A promise to make an appropriation

is not an appropriation." The statutory language reviewed in *Ingram* was " 'Any person who shall kill or destroy any coyote or coyotes *shall be paid a bounty of five dollars* . . . .' " (P. 118.) (Italics added.) This was held insufficient to create an appropriation. The language of section 2231, subdivision (a), "[t]he state shall pay," is quite similar. Although appropriation legislation need not be in any particular form, the intent to make an appropriation must be clear. (*City & County of S. F.* v. *Kuchel* (1948) 32 Cal.2d 364, 366 [196 P.2d 545].) No such clear intent is to be found in section 2231, subdivision (a).

An additional reason persuades us to reject County's assertion that section 2231, subdivision (a), is an appropriation. Fundamental rules of statutory interpretation require that a statute be read as a whole, and that the parts of a statute be read together and harmonized, when possible, in order to give effect to the intent of the Legislature. (*Boys Markets* v. *Clerks Union* (1970) 398 U.S. 235 [26 L.Ed.2d 199, 90 S.Ct. 1583]; *Ingram* v. *Justice Court* (1968) 69 Cal.2d 832, 839 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391].) When read together, subdivisions (a) and (b) indicate a plan whereby the Legislature, when mandating programs that result in new costs to local agencies, will determine in each instance what the costs of such programs are likely to be, such determinations to be based on estimates by the Department of Finance; the Legislature will then appropriate a specific amount to pay these costs; and the Controller will be responsible for distributing the funds among those agencies which submit claims.

The argument advanced by the County is inconsistent with this reasonable process, for the Legislature would have no control over which programs should be reimbursed or in what amounts. Such decisions would be delegated to the Controller. Yet, the purpose of subdivision (b) is directed toward avoiding this very situation and toward retention by the Legislature of authority to determine which programs shall be paid for by the state, and what portion of the state's funds shall be applied to such reimbursement. To construe section 2231 as County urges would, in effect, require this court to read subdivision (b) out of existence, at least as to legislation passed prior to January 1, 1973. This is contrary to the rule that a court, where reasonably possible, should construe a statute so as to give force and effect to all its parts and sections. (Code Civ. Proc., § 1858; *People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723].) In determining whether an appropriation has been made, the intent of the Legislature is to be ascertained from the entire statute. (*Riley* v. *Johnson, supra,* 219 Cal. 513, 520.)

When Revenue and Taxation Code section 2231 is read as a unitary whole and in its entirety, and subdivisions (a) and (b) are considered together, County's argument cannot be sustained.

The judgment is affirmed.

Janes, J., and Puglia, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 31, 1974. Richardson, J., did not participate therein.