Filed 4/11/16  P. v. Stewart CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067967 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN319583) |
| ALEX DAVID STEWART, | |
| Defendant and Appellant. | |
| THE PEOPLE, | D068285 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE332010) |
| LEILA NICOLE PENMAN, | |
| Defendant and Appellant. | |
| THE PEOPLE, | D068374 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD235396) |
| WILLIAM VANCE GLOVER, | |

|  |  |
|---|---|
| Defendant and Appellant. | |
| THE PEOPLE, | D068376 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD236431) |
| EDWARD CRAIG COLEMAN II, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on March 14, 2016, be modified as follows:

The first paragraph of the first page is deleted and replaced by the following so it reads:

CONSOLIDATED APPEALS from postjudgment orders of the Superior Court of San Diego County, David J. Danielsen, David L. Berry and Eugenia A. Eyherabide, Judges. Affirmed.

There is no change in judgment.

McCONNELL, P. J.

Copies to: All parties

2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067967 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN319583) |
| ALEX DAVID STEWART, | |
| Defendant and Appellant. | |
| THE PEOPLE, | D068285 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE332010) |
| LEILA NICOLE PENMAN, | |
| Defendant and Appellant. | |
| THE PEOPLE, | D068374 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD235396) |
| WILLIAM VANCE GLOVER, | |
| Defendant and Appellant. | |

| THE PEOPLE, | D068376 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD236431) |
| EDWARD CRAIG COLEMAN II, | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from postjudgment orders of the Superior Court of San Diego County, David J. Danielson. David L. Berry. and Eugenia A. Eyherabide, Judges.  Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant Alex David Stewart.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant Leila Nicole Penman.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant William Vance Glover.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant Edward Craig Coleman II.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Marvin E. Mizell, Arlene A. Sevidal, Elizabeth M. Carino, A. Natasha Cortina, Christen Somerville, Scott C. Taylor,  and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

2

Bonnie M. Dumanis, District Attorney, James E. Atkins, Lilia E. Garcia and

Brooke E. Tafreshi, Deputy District Attorneys, for the San Diego County District

Attorney as Amicus Curiae on behalf of Plaintiff and Respondent.


INTRODUCTION

These consolidated appeals require us to decide whether the voters intended the

crime of misdemeanor "shoplifting" in Penal Code[1] section 459.5 to apply to the

larcenous theft of merchandise valued at $950 or less displayed or offered for sale in a

commercial establishment, or whether they intended it to apply more broadly to any theft

of any property valued at $950 or less from any commercial establishment, such as

pawning stolen property or attempting to cash a forged check at a bank.  We

acknowledge there is analytical support for either construction of the statute.[2]  However,

for the reasons discussed below, we believe the former construction is the more

reasonable and commonsense one.  (*People v. Shabazz* (2006) 38 Cal.4th 55, 68 [if a

statute is amenable to two alternative interpretations, courts will follow the one leading to

---

[1]    All statutory references are to the Penal Code unless otherwise stated.

[2]    See, e.g., *People v. Root* (Mar. 1, 2016, D068235) __ Cal.App.4th __ [2016 WL 792400].  The California Supreme Court will ultimately resolve the question as it is currently reviewing, among other Proposition 47 issues, whether a defendant convicted of second degree burglary for entering a bank to cash forged checks is entitled to resentencing under section 1170.18 on the ground the offense meets the definition of shoplifting under section 459.5.  (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.)

3

the more reasonable result].)  As the postjudgment orders appealed from in these consolidated cases are consistent with the former construction, we affirm them.

BACKGROUND

In separate cases, Alex David Stewart (Super. Ct. No. SCN319583), Leila Nicole Penman (Super. Ct. No. SCE332010), William Vance Glover (Super. Ct. No. SCD235396) and Edward Craig Coleman II[3] (Super. Ct. No. SCD236431) (collectively appellants) each pleaded guilty to burglary (§ 459).  As the factual basis for Stewart's plea, he stated he entered a building with the intent to commit theft.  The parties agree his conviction was predicated on his entry into a pawnshop where he sold stolen computers for $250.

As the factual basis for Penman's plea, she stated she entered a department store intending to commit theft.  The parties do not dispute her conviction specifically involved her entering a department store and using a stolen debit/credit card to purchase a $50 gift card.

As the factual basis for Glover's plea, the change of plea form states he "entered a commercial building with intent to commit a theft."  Although Glover asserts any additional details about his crime are outside the record of his conviction, he acknowledged in his arguments in the trial court and does not dispute on appeal that his

---

3    The abstract of judgment lists Coleman's name as Edward Henry Coleman; however, the trial court previously found his true name to be Edward Craig Coleman II. To avoid potential confusion in the future, we shall direct the trial court to correct the clerical error.  (*In re Marriage of Kaufman* (1980) 101 Cal.App.3d 147, 151 [a clerical error is correctable at any time].)

4

conviction involved entering a drugstore and stealing two of the store's scan guns. He does, however, dispute the value of the scan guns.[4]

The parties do not dispute Coleman's conviction specifically involved him entering a fast-food restaurant, going to the employee break room, and stealing $15 from an employee's purse.

Appellants each filed petitions under section 1170.18, enacted by the voters as part of the Safe Neighborhoods and Schools Act (Proposition 47), to have their burglary convictions reduced to misdemeanor shoplifting as the crime is defined in section 459.5, also enacted by the voters as part of Proposition 47. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 1, p. 70, 5, p. 71.) The trial court denied their petitions, finding, for various reasons, their crimes were not eligible for the requested reduction.

DISCUSSION

Section 1170.18, subdivision (a), permits a person currently serving a sentence for a felony conviction, which would have been a misdemeanor under one of the code sections amended or added by Proposition 47, to petition for resentencing according to the amended or added code section.[5] Appellants sought resentencing under added code

---

[4] The record contains an unauthenticated document dated almost four years after Glover's conviction purportedly showing the scan guns cost the drugstore $785 each.

[5] Section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial

5

section 459.5.  Section 459.5 creates the offense of "shoplifting," which is defined as "entering a commercial establishment with intent to commit larceny while the establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)  "Any other entry into a commercial establishment with intent to commit larceny is burglary."  (*Ibid.*)  With certain exceptions not applicable here, shoplifting is punishable as a misdemeanor.  (*Ibid.*)[6]

Appellants contend they are entitled to resentencing because the conduct underlying their burglary convictions meets the statutory definition of shoplifting.  The People disagree, contending appellants' conduct does not meet the statutory definition of shoplifting because their conduct did not involve an intent to commit a larcenous theft, or the items they stole were not merchandise displayed or offered for sale, or both.

---

court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

[6]      Section 459.5, subdivision (a), provides:  "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary.  Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170."

Appellants counter that section 459.5 does not contain any language limiting the crime of shoplifting to merchandise displayed or offered for sale. They also counter that, under preexisting section 490a, of which the voters were presumptively aware (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283), "larceny" includes any type of theft covered by section 484, subdivision (a).[7] Essentially, they contend the crime of shoplifting covers any type of theft of any type of property worth $950 or less committed in any commercial establishment during business hours.

The parties' framing of the issues requires us to interpret Proposition 47, particularly section 495.5. "[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.] Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent." (*People v. Park* (2013) 56 Cal.4th 782, 796; accord, *People v. Johnson*

---

[7] Section 490a provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor."

Section 484, subdivision (a), provides in relevant part: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."

(2015) 61 Cal.4th 674, 682.)  The construction must be reasonable and commonsense, and practical rather than technical, such that, when applied, it will result in wise policy rather than mischief or absurdity.  (*People v. Zambia* (2011) 51 Cal.4th 965, 972.) " '[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' "  (*People v. Park*, *supra*, at p. 796; accord, *People v. Johnson*, *supra*, at p. 682.)

If we were to confine our analysis solely to the language of section 459.5, which is " 'the first and best indicator of intent' " (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 321), our task would be uncomplicated.  "[L]anguage acquires established meaning only through custom, usage, and convention."  (2A Norman J. Singer et al., *Sutherland Statutory Construction,* § 45:2 (7th ed. 2015).)  Therefore, "[a] court in interpreting a statute should employ the common usage and understanding of the statute's words."  (*Yassin v. Solis* (2010) 184 Cal.App.4th 524, 531.)  "[A] word should not be given a forced and strained meaning contrary to its common understanding."  (*County of Orange v. Flournoy* (1974) 42 Cal.App.3d 908, 912, citing *Rosemary Properties, Inc. v. McColgan* (1947) 29 Cal.2d 677, 685.)

Shoplifting is commonly understood to mean the larcenous theft of merchandise displayed or offered for sale in a commercial establishment.  (3 Wharton's Criminal Law (15th ed. 2015) § 343 ["A defendant is guilty of 'shoplifting' when he commits larceny in a store, i.e., when he steals merchandise displayed or offered for sale in a retail mercantile establishment"]; Black's Law Dict. (6th ed. 1990) p. 1378, col. 2 ["[s]hoplifting" means "[l]arceny of merchandise from a store or business establishment"

8

or the "[t]heft of goods displayed for sale"]; Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 1151, col. 2 ["shoplift" means "to steal displayed goods from a store"].) California law applicable to shoplifting prior to the passage of Proposition 47 was consistent with this common understanding, as the law covered manually deliverable personal property available for retail sale on premises used for retail sales and purchases. (See § 490.5, subds. (a), (g)(1)-(2).)[8]

Proposition 47's use of the word "larceny" and the phrases "commercial establishment" and "during regular business hours" in shoplifting's definition is also consistent with this common understanding.  Theft by "[l]arceny requires the taking of another's property, with the intent to steal and carry it away."  (*People v. Gomez* (2008) 43 Cal.4th 249, 254-255, citing *People v. Davis* (1998) 19 Cal.4th 301, 305.)  In addition, the phrases "commercial establishment" and "during business hours" connote a focus on larceny at consumer-serving businesses.  Consequently, we cannot reasonably infer from the language of section 459.5 any voter intent to alter the common understanding of

---

[8]     Section 490.5, subdivision (a), provides:  "Upon a first conviction for petty theft involving merchandise taken from a merchant's premises . . . , a person shall be punished by a mandatory fine of not less than fifty dollars ($50) and not more than one thousand dollars ($1,000) for each such violation; and may also be punished by imprisonment in the county jail, not exceeding six months, or both such fine and imprisonment."
     Section 490.5, subdivision (g)(1), provides:  " 'Merchandise' means any personal property, capable of manual delivery, displayed, held or offered for retail sale by a merchant."
     Section 490.5, subdivision (g)(2) provides:  " 'Merchant' means an owner or operator, and the agent, consignee, employee, lessee, or officer of an owner or operator, of any premises used for the retail purchase or sale of any personal property capable of manual delivery."

9

shoplifting.  (*Van Horn v. Watson* (2008) 45 Cal.4th 322, 333 [courts will not presume the Legislature or voters, when enacting a statute, intended to overthrow long-established principles of law unless the intention is clearly expressed or necessarily implied], superseded by statute on another point as stated in *Ennabe v. Manosa* (2014) 58 Cal.4th 697, 719, fn. 17; *Brodie v. Workers' Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1325; *Regency Outdoor Advertising, Inc. v. City of Los Angeles* (2006) 39 Cal.4th 507, 526; *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199.)[9]

Even if we were to consider the language of section 459.5 ambiguous on this point, the ballot materials for Proposition 47 provide no contrary insight into the voters' intent.  (See *Kwikset Corp. v. Superior Court*, *supra*, 51 Cal.4th at p. 321 [if the text of an initiative is ambiguous and supports multiple interpretations, courts may consider extrinsic sources such as ballot summaries and arguments to determine the voters' intent].)  The ballot summary and arguments do not discuss the new shoplifting crime, and the Legislative Analyst's analysis simply states, "Under current law, shoplifting property worth $950 or less (a type of petty theft) is often a misdemeanor.  However,

---

[9]     Apropos to this point, at oral argument, Stewart's counsel asserted section 459.5 is effectively a misdemeanor commercial burglary statute.  If the voters intended to create the offense of "misdemeanor commercial burglary," we cannot fathom why they would not have used that name for the offense instead of "shoplifting."  As one treatise aptly observed, "in Lewis Carroll's *Alice in Wonderland*, Humpty Dumpty can use the word 'glory' to mean a 'nice knock down argument' if he wants to.  But if he wants Alice to understand him he would do better to use words which have that meaning in everyday speech."  (2A Norman J. Singer et al., *Sutherland Statutory Construction*, § 45:7 (7th ed. 2015), referencing Carroll, Through the Looking-Glass, and What Alice Found There (1871), fn. omitted.)

10

such crimes can also be charged as burglary, which is a wobbler [chargeable or punishable as either a felony or a misdemeanor (*People v. Park*, *supra*, 56 Cal.4th at p. 789)]."  Under this measure, shoplifting property worth $950 or less would always be a misdemeanor and could not be charged as burglary."  (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legislative Analyst, p. 35.)  The import of this analysis is Proposition 47's only effect on the previously understood offense of shoplifting is to preclude it from being charged as a felony if the property shoplifted is worth $950 or less.  Nowhere in this analysis or in the other ballot materials is there any indication Proposition 47 would significantly broaden the crime of shoplifting beyond its common understanding and prior scope (see fn. 6, *ante*) to encompass any type of theft of any type of property worth $950 or less committed in any commercial establishment during business hours.  We would expect such a change, if intended, to have been specifically noted.  (See *Brodie v. Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.4th at p. 1328; *Regency Outdoor Advertising, Inc. v. City of Los Angeles*, *supra*, 39 Cal.4th at p. 526; see also *Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 644, 646-647 [it is doubtful the Legislature or the voters would institute a significant change in the law through silent implication; "[w]hile the law can occasionally be subtle, we should avoid constructions that render it delphic"].)  We, therefore, cannot reasonably infer from these materials any intent by the voters to accomplish such an objective.  (See *People v. Park*, at pp. 797-798.)

We also do not believe we can reasonably infer such an intent by applying section 490a as appellants advocate.  Section 490a was enacted in 1927 as part of the

11

Legislature's effort to consolidate the crimes of theft by larceny, theft by false pretenses, and theft by embezzlement under the umbrella definition of "theft." (*People v. Williams* (2013) 57 Cal.4th 776, 785, 789 (*Williams*); *People v. Darling* (1964) 230 Cal.App.2d 615, 618; see § 484, subd. (a).) The purpose of the consolidation was to eliminate common law technicalities in pleading and proving the several crimes. (*Williams*, *supra*, at p. 786.) While the consolidation abolished most of the procedural distinctions between the crimes, it did not abolish the substantive distinctions. (*Id.* at pp. 786, 789; *People v. Myers* (1929) 206 Cal. 480, 485; *People v. Davis*, *supra*, 19 Cal.4th at p. 304-305; *People v. Nazary* (2010) 191 Cal.App.4th 727, 740-741.) Thus, even though the consolidation permits a prosecutor to charge theft, regardless of theory, by simply alleging the defendant unlawfully took the property of another, the elements the prosecutor must prove depend upon the theft committed. (*People v. Nazary*, *supra*, at p. 741; *People v. Sanders* (1998) 67 Cal.App.4th 1403, 1416, fn. 18.)[10] The continued existence of substantive distinctions among larceny and other types of theft, of which the voters were also presumptively aware (*Horwich v. Superior Court*, *supra*, 21 Cal.4th at p. 283), undermines the view the voters intended the word "larceny" in section 459.5 to have a general rather than a specific meaning. This is particularly true since section 459.5 does not refer to section 490a or incorporate its language. (See *Robert L. v. Superior Court*

---

[10] The California Supreme Court is currently reviewing whether, in light of section 490a, a person can be convicted of both embezzlement (§ 503) and grand theft by larceny (§ 487, subd. (a)) for the same conduct, or only of the single crime of theft. (*People v. Vidana* (2015) 233 Cal.App.4th 666, review granted Apr. 1, 2015, S224546.)

(2003) 30 Cal.4th 894, 902 [rejecting an argument the electorate intended for an existing statute to limit the scope of a statute enacted by initiative when the statute enacted by initiative did not refer to the existing statute or mirror the existing statute's language].)

Another provision of Proposition 47 also undermines this view. In addition to adding section 459.5, Proposition 47 added section 490.2. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 8, p. 72.) Section 490.2, subdivision (a), provides in part: "Notwithstanding Section 487 or another other provision of law defining grand theft, obtaining any property by *theft* where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Italics added.) The use of the general term "theft" in section 490.2, in contrast to the use of the specific term "larceny" in section 459.5, strongly indicates the voters intended for shoplifting to require a larcenous theft and not any other type of theft. Had the voters intended otherwise, they could have used the term "theft" instead of the term "larceny" in section 459.5 as they did in section 490.2.

Further, as we have previously cautioned, the application of section 490a "must be considered in the light of its objective. If it is not so considered, but is applied literally, the resultant conclusions, in many instances, will be absurd and ridiculous. Well-established rules direct the contrary. The literal interpretation of a statute is not necessarily controlling [citations]; will be rejected where it leads to an absurdity [citation]; must be considered in the light of consequences flowing therefrom [citations]; and should be viewed in relation to other statutes on the same subject, so as to harmonize

13

the whole law." (*People v. Darling*, *supra*, 230 Cal.App.2d at p. 620 [declining to literally apply section 490a to redefine the phrase "*embezzlement* of public money" to "*theft* of public money" for purposes of determining whether grand theft charges are time-barred under section 800].)  Applying section 490a literally, as appellants advocate, to allow the crime of shoplifting in section 459.5 to cover conduct that may not involve either a "shop" or a "lifting" would, in our view, be absurd and ridiculous.

Contrary to assertions at oral argument, our construction of section 459.5 does not create any inconsistencies within section 459.5 or between sections 459.5 and 459. Although there are similarities in the syntax of section 459.5's definition of shoplifting and section 459's definition of burglary, these similarities do not compel a conclusion the voters intended for section 459.5 to have the same breadth as section 459.  Rather, these similarities more reasonably support a conclusion the voters intended to exempt a specific subset of theft, shoplifting of property worth less than $950, from being charged as commercial burglary.  Indeed, all of the penalty reduction provisions in Proposition 47 are structured to exempt specific subsets of crimes from their more serious counterparts. (See §§ 473, subd. (b), 476a, subd. (b), 490.2, subd. (a), 496, subd. (a).)  Our construction fully comports with this structure.  Appellants' proffered construction does not.

Our construction also does not conflict with Proposition 47's directive to broadly and liberally construe it to achieve its stated purpose of requiring "misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes."  (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 3, subd. (3), p. 70, 15 & 18,

14

p. 74.)  As noted in the Legislative Analyst's analysis, shoplifting is a type of petty theft that previously had the potential to be charged as commercial burglary.  (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legislative Analyst, p. 35.) Under our construction, shoplifting property worth less than $950 no longer has this potential.  Consequently, our construction fulfills, rather than contravenes, Proposition 47's stated purpose.  While the counterintuitive extension of the crime of shoplifting to conduct such as pawning stolen merchandise and attempting to cash a forged check at a bank might also fulfill Proposition 47's stated purpose, "[i]t is [the] court's function to give a statute the effect that its language suggests, however modest that may be, not to extend it to admirable purposes that it might be used to achieve."  (58 Cal.Jur.3d (2016) Statutes, § 92.)

Absent a more compelling indication to the contrary, we conclude the voters intended the crime of shoplifting to apply, as it is commonly understood, to the larcenous theft of merchandise displayed or offered for sale in a commercial establishment.  As the conduct underlying appellants' burglary convictions did not involve the larcenous theft of merchandise displayed or offered for sale in a commercial establishment, the trial court did not err in denying their petitions for resentencing.[11]

---

[11]     Given our conclusion, we need not address the Attorney General's alternate contention that Stewart was not entitled to resentencing because Stewart's waiver under *People v. Harvey* (1979) 25 Cal.3d 754 allowed the court to consider the entire factual background of the case in making its sentencing decision, and this background indicated the value of the property Stewart pawned exceeded $950.  We also need not address Penman's and Glover's contentions regarding which party had the burden of proof in the trial court and what evidence the court could consider in deciding their petitions.

15

DISPOSITION

The postjudgment orders are affirmed.  The trial court is directed to correct the abstract of judgment in *People v. Coleman* (Super. Ct. No. SCD236431) to reflect Coleman's true name and birthdate as found by the trial court in the minute order dated November 17, 2011.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

IRION, J.

16